IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAURA SMITH, Special Administrator** of the Estate of Brenda Wedding, and **BUDDY WEDDING,** | ) ) ) ) |
| Plaintiffs, | ) ) Civil No. **05-4102-JPG** |
| v. | ) ) ) |
| **UNION PACIFIC RAILROAD COMPANY,** | ) ) |
| Defendant. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiffs' Motion to Compel Discovery Responses Pursuant to Fed. R. Civ. P. 37(a)(2)(B).  **(Doc. 23)**.  Defendant has filed a response.  **(Doc. 26)**.

This motion concerns discovery requests which were served on October 5, 2005. Defendant served timely answers and objections on November 4, 2005.  Despite the fact that the discovery deadline was March 1, 2006, plaintiffs did not file a motion to compel until May 22, 2006.

### Requests to Produce

Plaintiffs move to compel production of the documents requested in numbers 5, 26, and 30.

Request number 5 seeks production of event recorder printouts for the lead locomotive "beginning from the most recent stop prior to the Occurrence, and proceeding in a continuous and unbroken fashion to the point of stop following the Occurrence."  Defendant objected that the request is "overbroad concerning the time period requested," but then identified certain

1

responsive documents by Bates numbers.

The request is not overbroad, and the objection is therefore overruled.  Defendant's response is unclear as to whether all responsive documents have been produced.  Therefore, within ten calendar days of the date of this Order, defendant shall supplement its response by either identifying and serving either all responsive documents not previously produced, or by stating that all responsive documents have been identified and produced.

Request number 26 is similar.  It seeks the transcription of the event recorder for both the lead and the trailing locomotives for five minutes before and five minutes after the impact.  Defendant's response refers to its response to number 5.  The objection that this request is overbroad borders on the frivolous.  The objection is overruled, and defendant shall respond as set forth above.

Number 30 seeks various maintenance records.  Defendant has not objected, but states that it has requested the information and will produce same.  Defendant shall respond within ten days as set forth above.

<u>**Interrogatory**</u>

Plaintiffs  move to compel defendant to answer interrogatory number 26, but there is no interrogatory labeled as number 26.  Rather, the last two interrogatories are both labeled number 25.  Presumably, the motion seeks to compel the answer to the second number 25.

Beginning with number 19, defendant objected to each interrogatory on the basis that the interrogatory and subparts exceed the number allowed by the Federal Rules of Civil Procedure. **Fed. R. Civ. P. 33(a)** limits a party to 25 interrogatories.  The Advisory Committee Notes to the 1993 Amendments make plain that subparts that enquire about "discrete separate subjects" are to

be counted as separate interrogatories.  The subparts in plaintiffs' questions obviously do not enquire about discrete separate subparts, and should not be counted as separate questions.  Again, with regard to any interrogatory other than the second number 25, this objection borders on the frivolous.  However, the objection is well-taken as to the second number 25.

For the foregoing reasons, plaintiffs' Motion to Compel Discovery Responses Pursuant to Fed. R. Civ. P. 37(a)(2)(B) **(Doc. 23)** is **GRANTED in part and DENIED in part as follows**:

Defendant's objections to numbers 5, 26, and 30 of plaintiffs' Requests to Produce are overruled.  Defendant shall respond to these requests as set forth above on or before **June 16, 2006.**

Defendant's objection to the second interrogatory labeled number 25 is sustained.

Lastly, in view of the fact that neither party has been particularly diligent about completing discovery according to the schedule set by the Court, plaintiffs' request for costs and attorneys fees is denied.

**IT IS SO ORDERED.**

DATE:  June 6, 2006.

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**